**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| RANI E. M., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil No. TMD 18-2171 |
| v. | * | |
| | * | |
| | * | |
| ANDREW M. SAUL, | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant.[1] | * | |
| | *********** | |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Rani E. M. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 14), Defendant's Motion for Summary Judgment (ECF No. 15), and "Plaintiff's Reply Brief" (ECF No. 16).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**,

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**, and the Commissioner's final decision is **AFIRMED**.

# I

## Background

On August 9, 2016, Plaintiff filed a complaint in this Court seeking review of Administrative Law Judge ("ALJ") Francine L. Applewhite's decision on March 30, 2016, finding her not disabled from January 1, 2013, through the date of the decision. R. at 2560-94. Following the Court's remand (R. at 2595-2612), ALJ Applewhite held a supplemental hearing on April 11, 2018, where Plaintiff and a vocational expert ("VE") testified. R. at 2536-59. The ALJ thereafter found on May 16, 2018, that Plaintiff was not disabled from her alleged onset date of disability of January 1, 2013, through the date last insured of December 31, 2017. R. at 2512-35. In so finding, the ALJ found that, through the date last insured, Plaintiff had a mild limitation in concentrating, persisting, or maintaining pace. R. at 2519. The ALJ then found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b) except occasional climbing of ladders, ropes or scaffolds; frequent climbing of stairs or ramps; frequent stooping, crouching, crawling or kneeling; frequent interaction with the public, co-workers or supervisors; and remaining on task only 95 percent of the 8-hour workday." R. at 2520.[3] In light of this RFC and the VE's testimony, the ALJ found that, through the date last insured, Plaintiff could perform her past

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* "If someone can do light work, [the Commissioner determines] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." *Id.*

relevant work as an information systems manager. R. at 2526. The ALJ alternatively found that, through the date last insured, she could perform other work, such as a packer, sorter, or inspector. R. at 2526-27. The ALJ thus found that Plaintiff was not disabled from January 1, 2013, through the date last insured of December 31, 2017. R. at 2527.

After Plaintiff exhausted her administrative remedies (Pl.'s Mem. Supp. Mot. Summ. J. 3, ECF No. 14-2; Def.'s Mem. Supp. Mot. Summ. J. 2, ECF No. 15-1), she filed a complaint in this Court on July 16, 2018, seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the

regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant

numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

## **Discussion**

In her March 30, 2016, decision, the ALJ found that Plaintiff had moderate difficulties in concentration, persistence, or pace from her alleged onset date of disability of January 1, 2013, through the date of the decision. R. at 2566. The ALJ found that, during this period, Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except occasional climbing of ladders, ropes, scaffolds, stairs, or ramps; occasional stooping, crouching, crawling, or kneeling; work in a low stress job defined as occasional interaction with the public, co-workers, or supervisors and able to remain on task 95% or more of an eight-hour workday.

R. at 2567. Upon reviewing the ALJ's decision, the Court found that the ALJ's hypothetical question to the VE and the corresponding RFC assessment limiting Plaintiff to "a low stress job defined as occasional interaction with the public, co-workers, or supervisors" did not account for her moderate limitations in maintaining concentration, persistence, or pace under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). R. at 2609. The Court noted that, under *Mascio*, once an ALJ finds that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment or explain why no such limitation is necessary. R. at 2608-09. The Court also found that the ALJ's decision failed to explain how, despite Plaintiff's moderate difficulties in maintain concentration, persistence, or pace, she would be able to remain on task 95% or more of an eight-hour workday. R. at 2609. It was also unclear to the Court how being off task only 5% of the workday would be consistent with a moderate limitation in concentration, persistence, or pace. R. at 2609-10.

Because the Court found that the ALJ's failure to build an accurate and logical bridge from the evidence to her conclusion frustrated meaningful review and constituted reversible error, the Court remanded the matter to the Commissioner. R. at 2610 (citing *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017); *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016); *Mascio*, 780 F.3d at 636). The Court also remanded the matter because the ALJ did not provide persuasive, specific, and valid reasons for giving little weight to Plaintiff's disability rating from the Department of Veterans Affairs. R. at 2610-12. In so remanding, the Court declined to address Plaintiff's additional arguments that the ALJ had erred in evaluating properly the opinions of her treating physicians and in assessing her credibility. R. at 2607, 2611-12.

Plaintiff contends that substantial evidence does not support the ALJ's decision after remand to avoid the orders of the Court and the Appeals Council by changing her concentration, persistence, and pace finding from moderate to mild on the basis of the same evidence. Pl.'s Mem. Supp. Mot. Summ. J. 4-14, 17-18, ECF No. 14-2. She also argues that the ALJ's failure to follow the Court's remand order violated the law-of-the-case doctrine and thus was reversible error. *Id.* at 14-17. For the reasons discussed below, Plaintiff's arguments are unavailing.

"The mandate rule prohibits lower courts, with limited exceptions, from considering questions that the mandate of a higher court has laid to rest." *Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 97 (4th Cir. 2015) (per curiam) (quoting *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007)). "An interest in finality also undergirds the law of the case doctrine." *Id.* "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).

> [W]hen a decision of an appellate court establishes "the law of the case," it "must be followed in all subsequent proceedings in the same case in the trial court or on

a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."

*Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988) (alteration in original) (quoting *EEOC v. Int'l Longshoremen's Ass'n*, 623 F.2d 1054, 1058 (5th Cir. 1980)). "The mandate rule is 'a specific application of the law of the case doctrine.'" *Tanner*, 602 F. App'x at 98 (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993)). The mandate rule "applies with equal authority and weight to . . . administrative agencies." *Scott v. Mason Coal Co.*, 289 F.3d 263, 267 (4th Cir. 2002) (dicta). Thus, "both the law of the case doctrine and the rule of mandate apply in the social security context." *Stacy*, 825 F.3d at 567.

As Plaintiff points out, "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886, 109 S. Ct. 2248, 2254-55 (1989). "The ALJ is not free to disregard the district court's order, which may 'include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed.'" *Myers v. Colvin*, No. 4:14CV32, 2015 WL 3830972, at *16 (E.D. Va. June 18, 2015) (quoting *Hudson*, 490 U.S. at 885, 109 S. Ct. at 2254). The ALJ "may, however, 'decide anything not foreclosed by the mandate.'" *Stacy*, 825 F.3d at 568 (quoting *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). "[A]s long as an issue was not finally decided in the District Courts, the ALJ can exceed the scope of a remand order and reconsider any evidence deemed appropriate in reaching a decision regarding a claim." *Beatty v. Comm'r of Soc. Sec.*, No. 14-11550, 2015 WL 5693663, at *3 (E.D. Mich. Sept. 29, 2015); *see Tanner*, 602 F. App'x at 98 n.* ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an

administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues."); 20 C.F.R. §§ 404.977(b) (on remand, an ALJ "may take any additional action that is not inconsistent with the Appeals Council's remand order"), 404.983 (any issues relating to the disability claim may be considered by the ALJ whether or not they were raised in the administrative proceedings leading to the original final decision in the case).

After the supplemental hearing following the Court's remand, the ALJ evaluated whether Plaintiff's mental impairments satisfied the paragraph B criteria of Listings 12.04, 12.06, and 12.15 through the date last insured. R. at 2519. The ALJ found that they did not because, among other things, Plaintiff had a mild limitation in concentrating, persisting, or maintaining pace. R. at 2519-20. "The limitations identified in the Paragraph B Criteria are not an RFC assessment, but are used to rate the severity of mental impairments at steps two and three of the sequential evaluation process." *Chester v. Berryhill*, No. 2:15-cv-01724-JCM-PAL, 2018 WL 6829042, at *10 (D. Nev. Sept. 27, 2018), *report and recommendation adopted*, No. 2:15-CV-1724 JCM (PAL), 2019 WL 148396 (D. Nev. Jan. 8, 2019); *see* R. at 2520. "The Court's mandate did not expressly or impliedly resolve any issues concerning the prior ALJ's Step 2 or Step 3 determinations." *Harrison v. Berryhill*, No. ED CV 18-81-E, 2018 WL 5304794, at *4 (C.D. Cal. Oct. 24, 2018). Rather, the Court directed the ALJ, on remand, to provide analysis consistent with *Mascio*. R. at 2608-10. The Court's order thus "did not dictate any particular result in terms of the ALJ's analysis of the appropriate level of difficulties in concentration, persistence, and pace, but did require an adequate explanation of how the ALJ considered the evidence relating to Plaintiff's ability to concentrate," persist, or maintain pace. *Leona A. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-2279, 2019 WL 3220699, at *2 (D. Md. July 17, 2019); *see Cadenhead v. Astrue*, No. 05 C 3929, 2010 WL 5846326, at *13 (N.D. Ill. Mar. 5,

2010) ("As there were no specific findings or instructions from the court hindering the ALJ on remand here, the law of the case did not preclude him from re-examining the issue of [substantial, gainful activity] after his original decision was vacated and remanded.").

As for the ALJ's finding that Plaintiff's limitation in concentrating, persisting, or maintaining pace was mild through the date last insured, the ALJ found:

> While [Plaintiff] alleged significant limitations here, she reported reading and watching TV as her hobbies. She added that she could concentrate well enough to drive a car. Review of systems were rarely positive for corresponding symptoms. Upon mental status examination, she remained fully alert and oriented. While she had trouble with serial sevens, she displayed logical, coherent thought process. There was no evidence of impulsivity or hyperactivity. In fact, she was able to read and follow simple instructions and copy a simple geometric design. Any cognitive impairment was no more than mild, according to the consultative psychologist.

R. at 2519. As noted above, when conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson*, 434 F.3d at 653. "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Am. Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 523, 101 S. Ct. 2478, 2497 (1981). Because substantial evidence supports this finding of the ALJ, who built an accurate and logical bridge from the evidence to her conclusion, Plaintiff's contrary argument is unavailing. *See Monroe*, 826 F.3d at 189.

In any event, even if the ALJ erred in not adhering to the law of the case at steps two and three regarding Plaintiff's limitation in concentrating, persisting, or maintaining pace, the error was harmless because the ALJ continued the sequential analysis. *See Cadenhead*, 2010 WL 5846326, at *13. After the Court's remand, Plaintiff presented new testimony and submitted additional evidence. R. at 2540-52, 2811-2968. "In light of the new evidence before the ALJ

upon remand, the ALJ was entitled to re-evaluate Plaintiff's residual functional capacity." *Celedon v. Berryhill*, No. 1:16-cv-00440-JLT, 2017 WL 3284519, at *5 (E.D. Cal. Aug. 2, 2017), *aff'd mem. per curiam sub nom. Celedon v. Saul*, No. 17-16979, 2019 WL 4302943 (9th Cir. Sept. 11, 2019). Plaintiff's argument to the contrary is thus without merit.

The "law of the case" doctrine also does not apply here because the Court had not decided previously the issues of Plaintiff's credibility and the weight given by the ALJ to the opinion evidence. *See Brachtel v. Apfel*, 132 F.3d 417, 419-20 (8th Cir. 1997). In considering Plaintiff's RFC after the Court's remand, the ALJ found that, although Plaintiff's "medically determinable impairments could reasonably be expected to cause some but not all of the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 2521. The ALJ found that the objective medical evidence did not demonstrate the severity of Plaintiff's subjective statements. R. at 2521. The ALJ also found that Plaintiff's subjective statements were not entirely consistent with the other evidence of record, including her activities of daily living (R. at 2523). *See Ladda v. Berryhill*, 749 F. App'x 166, 173 n.4 (4th Cir. 2018); *Johnson*, 434 F.3d at 658; *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam). The ALJ gave lesser weight after remand to the state agency consultants' opinions regarding Plaintiff's moderate concentration and persistence limitations because the objective findings and her subjective statements did not demonstrate more than mild limitations. R. at 2523-24. Because the Court finds that substantial evidence supports the decision of the ALJ, who applied the correct legal standards here, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: September 19, 2019

/s/
Thomas M. DiGirolamo
United States Magistrate Judge